UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNELL D. JOHNSON,<br><br>    Petitioner,<br><br>  v.<br><br>ERIC ARNOLD,<br><br>    Respondent. | No. 2:15-cv-1635-EFB P<br><br><br>ORDER |

Petitioner is a state prisoner proceeding without counsel on a petition writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] He has filed a motion for stay and abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), to "to add an ineffective assistance claim against his appellate and trial counsel . . . ." ECF No. 18 at 1. Respondent opposes the motion. ECF No. 22. For the reasons that follow, the motion is denied.

A district court may not grant a petition for a writ of habeas corpus unless the petitioner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1). Where a federal habeas petitioner has failed to exhaust a claim in the state courts, he may ask the federal court to stay its consideration of his petition while he returns to state court to complete exhaustion. Under *Rhines*, a district court may stay a "mixed" petition in its entirety, without requiring dismissal of the

---

[1] This proceeding was referred to the assigned magistrate judge by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to the parties' consent. E.D. Cal. Local Rules, Appx. A, at (k).

1

unexhausted claims while the petitioner attempts to exhaust them in state court.[2]  *King v. Ryan*, 564 F.3d 1133, 1139-40 (9th Cir. 2009).  *Rhines* requires that the petitioner show good cause for failing to exhaust the claims in state court prior to filing the federal petition.  *Rhines*, 544 U.S. at 277-78; *King*, 564 F.3d at 1139.  A *Rhines* stay is inappropriate where the unexhausted claims are "plainly meritless" or where the petitioner has engaged in "abusive litigation tactics or intentional delay."  *Id*.  Here, a *Rhines* stay is unavailable because (1) the petition contains three fully exhausted claims, and is therefore not "mixed," *see* ECF Nos. 1 & 22 at 3, and (2) petitioner's motion fails to demonstrate good cause for his failure to exhaust his ineffective assistance of counsel claims.  The motion to stay must therefore be denied.[3]

Accordingly, it is hereby ORDERED that the motion to stay (ECF No. 18) is denied without prejudice.

Dated:  September 26, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] "Mixed" petitions contain both exhausted and unexhausted claims.

[3] The court notes that under *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002), a district court may stay a petition containing only exhausted claims while allowing the petitioner to proceed to state court to exhaust additional claims.  *King*, 564 F.3d at 1135.  If the newly exhausted claims are not time-barred, the petitioner may amend his petition to add them to the pending petition.  *See id.* at 1140-41.  However, if the newly exhausted claims would be time-barred, amendment would be futile and a stay would be inappropriate.